Case 4:21-cv-01709  Document 17  Filed on 08/18/22 in TXSD  Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSE RAY H.,[1] § § § *Plaintiff,* § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § *Defendant*. § § | Case No. 4:21-cv-1709 |

## MEMORANDUM AND ORDER

Plaintiff Jesse Ray H. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF No. 14; Def.'s MSJ,

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On January 18, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 12.

1

ECF No. 15. Plaintiff challenges the Administrative Law Judge's ("ALJ") determination, arguing the ALJ's RFC determination is not supported by substantial evidence as she failed to properly evaluate the opinion of treating physician Dr. Llewellyn Canio. Pl.'s Mem. In Support of MSJ, ECF No. 14-1. Defendant counters, asserting that the ALJ's findings are proper and supported by substantial evidence. Def.'s Cross-MSJ Brief, ECF No. 16. Based on the briefing and the record, the Court determines that the ALJ did not err in how she articulated her evaluation of Dr. Canio's opinion. Therefore, Plaintiff's motion for summary judgment should be denied and Defendant's motion for summary judgment should be granted.

## I. BACKGROUND

Plaintiff is 46 years old, R. 30,[3] and has a high school education. R. 30. Plaintiff worked as a machinist, supervisor labor gang, welder, and building maintenance repairer. R. 30, 66–67. Plaintiff alleges a disability onset date of December 31, 2015. R. 20. Plaintiff claims he suffers physical and mental impairments. R. 104.

On October 21, 2019, Plaintiff filed his application for DIB and SSI under Titles II and XVI of the Act. R. 234–42. Plaintiff based[4] his application on back

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 10.

[4] The relevant time period is December 31, 2015—Plaintiff's alleged onset date—through December 31, 2020—Plaintiff's last insured date. R. 20. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the

2

problems, high blood pressure, neck problems, high cholesterol, arthritis, degenerative disc disease, depression, and anxiety. R. 104. The Commissioner denied his claim initially, R. 102–25, and on reconsideration. R. 126–52.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 37. Plaintiff and a vocational expert testified at the hearing. R. 38. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 14–36. The

---

relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel,* 219 F.3d 378, 396 (5th Cir. 2000).

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 32. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date. R. 20 (citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, radiculopathy, hypertension, post-traumatic stress disorder/depression/anxiety. R. 20 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 21 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a). R. 20. However, the ALJ added limitations, including that Plaintiff could occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to unprotected heights and wet, slippery, or uneven surfaces; could occasionally reach overhead bilaterally; could frequently reach in all other directions bilaterally; could frequently handle and finger bilaterally; could occasionally push, pull, and operate foot controls bilaterally; could remember and follow detailed, but not complex, instructions; could perform the tasks assigned but not at a production rate pace, but could meet the end of day work goals; could have occasional contact with coworkers, supervisors, and the general public; could occasionally adapt to changes in the workplace; and uses a cane to ambulate when walking more than one block. R. 20. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. R. 30 (citing 20 C.F.R. §§ 404.1565 and 416.965). At step five, based on the testimony of the vocational expert and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform work that exists in significant numbers in the national economy, including document preparer, cutter paster, election clerk, and surveillance system monitor. R. 31. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 32.

Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1. Plaintiff filed suit appealing the determination.

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III. BURDEN OF PROOF

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

Plaintiff raises a single issue: substantial evidence does not support the ALJ's RFC determination. ECF No. 14-1 at 2. Plaintiff argues that the ALJ improperly rejected the opinion of treating physician Dr. Llewellyn Canio. *Id.* at 7–12. Defendant counters that the ALJ properly considered Dr. Canio's opinion when determining Plaintiff's RFC. ECF No. 16 at 3–11. The Court finds that the ALJ did not err in how she articulated her reasons for discounting Dr. Canio's opinion.

### A. The ALJ Properly Conducted the Plaintiff's RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as the most the claimant can still do despite his physical and mental limitations … based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an

administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

### 1. *The ALJ Articulated Her Reasons for Discounting the Opinion of Dr. Canio.*

Plaintiff argues that in evaluating the medical opinion of Dr. Canio, the ALJ failed to articulate how she considered the supportability and consistency factors. ECF No. 14-1 at 7–12. Under the new rule regarding RFC determinations, the ALJ is no longer required to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a).[6] Instead, the ALJ is required to consider all medical opinions and prior administrative medical findings using specific factors: (1) supportability; (2) consistency; (3) the physician's relationships with the claimant, which includes considering the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) the physician's specialization, and (5) other factors. 20

---

[6] For claims filed after March 27, 2017, the new guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.). Because Plaintiff's claim was filed in 2019, this new rule applies.

C.F.R. § 404.1520c(b). [7] The most important factors are consistency and supportability. *Id.; Garcia*, 2020 WL 7417380, at *4. Under the new guidelines, the ALJ must articulate how persuasive she finds each of the opinions in the record and explain his or her conclusions regarding the supportability and consistency factors. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, articulate the conclusion of the other factors, unless the ALJ finds that "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same." *Id.* at § 404.1520c(b)(3). In these situations, the ALJ must articulate consideration of the other factors as well.

The ALJ found the opinion of Dr. Canio somewhat persuasive. R. 29. Dr. Canio completed a Physical Assessment form on behalf of Plaintiff. R. 723–24 (3/3/20). In the form, Dr. Canio opined that Plaintiff had symptoms associated with his impairments that would be constantly severe enough to interfere with the attention and concentration required to perform simple work-related tasks. R. 723 (3/3/20). Dr. Canio also opined that Plaintiff would need to recline or lie down during a hypothetical eight-hour workday in excess of the typical 15-minute break in the morning, the 30- to 60-minute lunch, and the typical 15-minute break in the

---

[7] Other factors include evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. 20 C.F.R. § 404.1520c(b).

afternoon; could walk one block without rest or significant pain; could sit, stand, or walk for one hour in an eight-hour workday; would need to take 15-minute unscheduled breaks every 20 minutes; could lift and carry less than ten pounds frequently and ten pounds occasionally, but never 20 pounds or more; could grasp, turn, or twist objects with bilateral hands for 25 percent of time bilaterally during an eight-hour workday; could perform fine manipulation with bilateral fingers for 25 percent of time during an eight-hour workday; could reach with bilateral arms for ten percent of time during an eight-hour workday; and would be absent from work more than four times a month as a result of his impairments or treatments. R. 723–24 (3/3/20). In discounting Dr. Canio's opinion, the ALJ found that "[a]lthough the medically determinable impairments are generally consistent with the evidence of record, the extreme limitations on sitting, standing, reaching, handling, and fingering, are not consistent with the evidence of record." R. 29. The ALJ also found that "the opinion did not provide any objective testing or direct observations to support the extreme limitations and the evidence at the hearing level is not consistent with such extreme limitations." *Id.*

The ALJ did not err in how she articulated her reasons for discounting Dr. Canio's opinion. The ALJ is not required to provide a point-by-point discussion of how she considered each and every medical opinion contained in a medical source statement from a given medical provider, *see* 20 C.F.R. § 404.1520c(b)(2), but she

must still provide some explanation for her reasons for rejecting a medical opinion of record. *See Loza*, 219 F.3d at 395; *see also Price v. Astrue*, 401 F. App'x 985, 987 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination."). Plaintiff argues that the ALJ's explanation is vague and uses cursory, boilerplate language. ECF No. 14-1 at 10–11. However, the ALJ made specific reference to both the consistency and supportability factors when discounting Dr. Canio's opinion. The ALJ found that the extreme limitations contained in Dr. Canio's opinion are not consistent with the evidence of record and the evidence at the hearing. R. 29. The ALJ also found that the limitations in Dr. Canio's opinion lacked support from objective testing or direct observation. *Id.*

Although the ALJ did not specify which pieces of evidence in the record and evidence at the hearing Dr. Canio's opinion is inconsistent with, the ALJ outlined in detail Plaintiff's testimony, his reported daily activities, and his medical records before evaluating the medical opinions.[8] R. 13–17. Plaintiff does not object to the ALJ's summary of the evidence. Indeed, these records are devoid of limitations on

---

[8] The ALJ found that Plaintiff's daily activities reveal a significantly greater functional ability than he alleged, as well as that the record does not contain evidence of abnormal clinical and laboratory findings sufficient to document any further degree of loss of function than established in her RFC determination. R. 25.

fingering, handling, and reaching and do not support Dr. Canio's extreme limitation in standing and sitting.[9] Furthermore, Plaintiff did not point to any evidence that would have supported Dr. Canio's opinions.

Moreover, Dr. Canio marked and circled answers on the Physical Assessment Form without providing any narrative explanation for the limitations selected other than the diagnoses. "The use of such checklist forms is generally viewed with disfavor among the federal courts of appeals and district courts within the Fifth Circuit when the forms are not adequately supported by any narrative citations to clinical findings." *Brown v. Astrue*, No. 11-2919, 2013 WL 620269, at *6 (E.D. La. Jan. 18, 2013); *see Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating doctor's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination . . ."); *Dabbs v. Astrue*, No. 3:11-CV-03145-BF, 2012 WL 2343902, at *9 (N.D. Tex. June 20, 2012) (finding that the ALJ properly rejected a checkbox questionnaire after examining plaintiff for fifteen minutes);

---

[9] *See, e.g.*, R. 511 (4/19/18) (Plaintiff demonstrated improved coordination in exercises indicating improved trunk control); R. 589 (1/11/16) (Plaintiff had improved range of motion); R. 604 (5/16/18) (Plaintiff's gait and posture were normal); R. 666 (2/28/18) (Plaintiff's gait and station were normal); R. 709 (9/24/18) (Plaintiff could raise arm to 170 degrees after injection); R. 714 (7/13/18) (Plaintiff's motor strength was assessed as 4/5 bilaterally); R. 744 (9/18/18) (normal range of motion of cervical spine, shoulders/upper extremities, hips, knees, and ankles); R. 790 (7/6/20) (Plaintiff had normal posture and walks with a cane); R. 816 (3/3/20) (Plaintiff had normal musculoskeletal range of motion); R. 860 (11/6/17) (Plaintiff was ambulatory with steady gait and balance, and was able to drive himself to the medical facility without difficulty).

*Segovia v. Astrue*, No. H-11-0727, 2012 WL 948815, at *16–17 (S.D. Tex. Mar. 2, 2012) (finding that the ALJ properly rejected the opinion of a treating physician who marked answers next to pre-printed findings on a form), *report and recommendation adopted*, 2012 WL 951543 (S.D. Tex. Mar. 19, 2012).

Since the ALJ adequately considered Dr. Canio's opinion when determining Plaintiff's RFC, the Court finds that the ALJ did not err in her articulation of the persuasiveness of Dr. Canio's opinion. Accordingly, the RFC determination is supported by substantial evidence.

## CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 14, and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 15. The Commissioner's determination that Plaintiff is not disabled is **AFFIRMED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on August 17, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**